UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)    Johnson and Hanan, P.C., d/b/a Johnson Hanan Vosler Hawthorne & Snider<br><br>         Plaintiff,<br><br>v.<br><br>(2)    Armor Correctional Health Services, Inc., d/b/a Armor Health<br><br>         Defendant. | Case No.: 22-CV-00431-GKF-CDL |

## COMPLAINT

COMES NOW, the Plaintiff, Johnson and Hanan, P.C., d/b/a Johnson Hanan Vosler Hawthorne & Snider, (hereinafter "Plaintiff" or "JHVHS"), and files this Complaint, and for its causes of action against the Defendant, Armor Correctional Health Services, Inc., d/b/a Armor Health, (hereinafter "Defendant" or "Armor"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest, attorney fees and costs.

2. Pursuant to 28 U.S.C. § 1391(b)(2), venue in this matter is proper in the United States District Court for the Northern District of Oklahoma.

3. The acts and omissions giving rise to the claims and damages being asserted herein occurred in Oklahoma and the Northern District of Oklahoma and this Court has personal jurisdiction over all parties and all claims.

4. JHVHS is a professional corporation that provides legal services and is incorporated in the State of Oklahoma with a principal place of business in Oklahoma.

5. Armor is a corporation that is incorporated in the State of Florida with a principal place of business in Florida.

6. At all times relevant herein, Armor held itself out as a leading provider of correctional healthcare services to state and local correctional facilities across the country.

7. At all relevant times herein mentioned, Armor was, and now is, a foreign for-profit corporation.

8. Armor conducted business in Oklahoma and has taken intentional acts directed toward the forum as to take advantage of the benefits and privileges of the laws of the state, purposefully availing itself to the forum.

9. Armor can be served by serving its registered agent C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraph Nos. 1 – 9, above, and further state and allege as follows:

10. Since 2013, Armor solicited and retained JHVHS to provide various legal services for the benefit of Armor at agreed upon rates for JHVHS' attorneys and staff.

## **MITCHELL GODSEY LAWSUIT**

11. In August of 2016, Armor retained JHVHS for the purpose of investigating and defending Armor against claims asserted against it by the Estate of Mitchell Godsey.

12. At all times from August 2016 through July of 2022, JHVHS represented Armor and defended its interests in the *Bond* matter.

13. The complaint in the matter of *Bond* was filed in the United States District Court for the Northern District of Oklahoma on April 25, 2018. Complaint, Bond v. Armor, 18-CV-231-GFK-CDL, Doc. No. 2.

14. The plaintiff in *Bond* brought claims for negligence, violations of Art. 2 §§ 9, 7 of the Oklahoma Constitution, and violations of the Fourteenth Amendment to the United States Constitution actionable pursuant to 42 U.S.C. § 1983. *Id.*

15. As part of its representation of Armor, JHVHS filed a motion to dismiss on behalf of Armor in the *Bond* action on May 23, 2018. Motion to Dismiss, *Bond*, 18-CV-231-GFK-CDL, Doc. No. 20.

16. The court in *Bond*, granted Armor's motion to dismiss, in part, and denied, in part, on March 28, 2019. Order, *Bond*, 18-CV-231-GFK-CDL, Doc. No. 59.

17. As part of its representation of Armor, JHVHS prepared and filed a motion for summary judgement on behalf of Armor on January 19, 2021. Motion for Summary Judgement, *Bond*, 18-CV-231-GFK-CDL, Doc. No. 114.

18. The Court, in *Bond*, granted Armor's motion for summary judgement, in part, and denied, in part, on August 27, 2021. Order, *Bond*, 18-CV-231-GFK-CDL, Doc. No. 143.

19. By the end of August of 2021, Armor had begun to fall behind on paying its outstanding invoices to JHVHS.

20. In November of 2021, JHVHS warned Armor that it could not continue with its representation of Armor, if Armor did not timely pay JHVHS for its outstanding invoices for legal fees and expenses.

21. On December 3, 2021, Armor made a partial payment of its then outstanding invoices to JHVHS.

22. At that same time, Armor acknowledged it owed the remaining balances and promised to make additional payments to JHVHS.

23. Unfortunately, despite those promises to pay, no other payment from Armor has been made to JHVHS since December 3, 2021.

24. As a result of the ongoing failure to pay its invoices and a looming trial setting in *Bond*, JHVHS moved to withdraw as counsel for Armor on May 4, 2022. Motion to Withdraw, *Bond*, 18-CV-231-GFK-CDL, Doc. No. 174.

25. The court in *Bond*, denied JHVHS' motion to withdraw as counsel on May 5, 2022. Order, *Bond*, 18-CV-231-GFK-CDL, Doc. No. 176.

26. As a result, JHVHS was obligated to continue its representation of Armor through trial.

27. Following the court's denial of JHVHS' motion to withdraw, Armor continued to acknowledge its outstanding debt to JHVHS and repeatedly represented it had approved and would be paying JHVHS for its outstanding invoices.

28. As part of JHVHS' representation of Armor in the *Bond* case, JHVHS paid thousands of dollars on behalf of Armor including expert witness fees, court costs, and court reporter costs.

29. Thanks to the representation of Armor by JHVHS, the jury, in *Bond*, returned a verdict in favor of Armor, on all remaining claims, on July 5, 2022. Jury Verdict, *Bond*, 18-CV-231-GFK-CDL, Doc. No. 215.

30. At that time, additional acknowledgements of the outstanding debt owed were made and repeat promises to pay those debts were made by Armor.

31. At the time of filing this Complaint, Armor owes JHVHS $168,998.77 in unpaid fees and expenses incurred as a result of JHVHS' representation of Armor in the matter of *Bond v. Armor*.

32. The unpaid invoices of $168,998.77 consist of $20,381.60 in expenses, which JHVHS has paid for the benefit of Armor, and $148,617.17 in legal fees for services rendered.

33. The entirety of the balance owed to JHVHS for its representation of Armor in the *Bond* matter has been acknowledged, and approved, but not paid by Armor.

## THOMAS PRATT LAWSUIT

34. In December of 2015, Armor retained JHVHS for the purpose of investigating and defending Armor against claims asserted against it by the guardian of Thomas Pratt.

35. At all times from December 2015 through October 2021, JHVHS represented Armor and defended its interests in the *Strain* matter.

36. The complaint in the matter of *Strain* was filed in the United States District Court for the Northern District of Oklahoma on November 11, 2018. Complaint, Strain v. Armor, 18-CV-583-TCK-FHM, Doc. No. 2.

37. The plaintiff in *Strain* brought claims for negligence, violations of Art. 2 §§ 9, 7 of the Oklahoma Constitution, and violations of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983. *Id.*

38. As part of its representation of Armor, JHVHS filed a motion to dismiss Armor from *Strain* on December 12, 2018. Motion to Dismiss, *Strain*, 18-CV-583-TCK-FHM, Doc. No. 16.

39. The court in *Strain* granted Armor's motion to dismiss in its entirety on August 6, 2019, dismissing Armor from the action completely. Opinion and Order, *Strain*, 18-CV-583-TCK-FHM, Doc. No. 49.

40. On August 8, 2019, that motion was appealed to the United States Court of Appeals for the Tenth Circuit. Notice of Appeal, *Strain*, 18-CV-583-TCK-FHM, Doc. No. 51.

41. On October 9, 2020, the Tenth Circuit affirmed the district court's order granting Armor's motion to dismiss. Decision, *Strain*, 18-CV-583-TCK-FHM, Doc. No. 58.

42. On May 12, 2021, the plaintiff in the *Strain* matter filed a petition for writ of certiorari with the United States Supreme Court. Petition for Writ of Certiorari, *Strain*, 18-CV-583-TCK-FHM, Doc. No. 61.

43. JHVHS continued representation of Armor and filed its Brief in Opposition on July 12, 2021. Brief for Armor, Strain v. Armor, No. 19-5071.

44. On October 4, 2021, the United States Supreme Court denied the petition for writ of certiorari in the *Strain* matter. Letter, *Strain*, 18-CV-583-TCK-FHM, Doc. No. 62.

45. JHVHS represented Armor throughout the appeal of the *Strain* matter.

46. At the time of filing this Complaint, Armor owes JHVHS $1,750.00 in unpaid fees and expenses incurred as a result of JHVHS' representation of Armor in the matter of *Strain v. Armor*.

47. The entirety of the balance owed to JHVHS for its representation of Armor in the *Strain* matter has been acknowledged, and approved, but not paid for by Armor.

## ZACHARY PLUNKETT LAWSUIT

48. In June of 2017, Armor retained JHVHS for the purpose of investigating and defending Armor against claims asserted against it by the Estate of Zachary Plunkett.

49. At all times from June 2017 through April 2022, JHVHS represented Armor and defended its interests in the *Plunkett* matter.

50. The complaint in the matter of *Plunkett* was filed in the United States District Court for the Northern District of Oklahoma on March 6, 2018. Complaint, Plunkett v. Armor, 18-CV-125-WPJ-JFJ, Doc. No. 2.

51. The plaintiff in *Plunkett* brought claims for negligence, violations of Art. 2 §§ 9, 7 of the Oklahoma Constitution, and violations of the Eighth and/or Fourteenth Amendment(s) to the United States Constitution actionable pursuant to 42 U.S.C. § 1983. *Id.*

52. As part of its representation of Armor, JHVHS filed a motion to dismiss Armor from *Plunkett* on April 2, 2018. Motion to Dismiss, *Plunkett*, 18-CV-125-WPJ-JFJ, Doc. No. 7.

53. The Court in *Plunkett* granted Armor's motion to dismiss in its entirety on April 1, 2022, dismissing Armor from the action completely. Opinion and Order, *Plunkett*, 18-CV-125-WPJ-JFJ, Doc. No. 81.

54. At the time of filing this Complaint, Armor owes JHVHS $4,007.50 in unpaid fees and expenses incurred as a result of JHVHS' representation of Armor in the matter of *Plunkett v. Armor*.

55. The entirety of the balance owed to JHVHS for its representation of Armor in the *Plunkett* matter has been acknowledged, and approved, but not paid for by Armor.

## **EMMET MARTIN LAWSUIT**

56. In June of 2015, Armor retained JHVHS for the purpose of investigating and defending Armor against claims asserted against it by the Estate of Emmet Martin.

57. On June 22, 2015, the original complaint in the *Martin* matter was filed in the United States District Court for the Western District of Oklahoma. Complaint, *Martin v. Armor*, 15-CV-00677-F, Doc. No. 1.

58. At all times from June 2015 through December 2018, JHVHS represented Armor and defended its interests in the *Martin* matter.

59. On November 1, 2017, the plaintiffs in *Martin* filed a motion to dismiss pursuant to 28 U.S.C. § 1367. Motion to Dismiss, *Martin*, 15-CV-00677-F, Doc. No. 140.

60. That motion to dismiss was granted on November 14, 2017, and the action was dismissed without prejudice in the United States District Court for the Western District of Oklahoma. Order, *Martin*, 15-CV-00677-F, Doc. No. 155.

61. On February 21, 2018, a petition in the *Martin* matter was filed in the District Court of Oklahoma County. Petition, *Martin*, CJ-2018-6124, Doc. No. 1041897178.

62. The plaintiff in *Martin* alleged a claim of negligence. *Id*.

63. As part of its representation of Armor, JHVHS filed a motion to dismiss on behalf of Armor in the *Martin* action on December 3, 2018. Motion to Dismiss, *Martin*, CJ-2018-6124, Doc. No. 1042184818.

64. The court in *Martin* granted Armor's motion to dismiss in its entirety on June 5, 2019, dismissing Armor from the action completely. Order, *Martin*, CJ-2018-6124, Doc. No. 1043895409.

65. On May 17, 2022, the plaintiff in *Martin* appealed the final judgement to the Oklahoma Supreme Court. Certificate of Appeal, *Martin*, CJ-2018-6124, Doc. No. 1052037797.

66. JHVHS filed a brief in response to the plaintiff's appeal to the judgement in the *Martin* matter on May 19, 2022. Response to Petition, *Martin*, SD-120422, Doc. No. 1052221044.

67. JHVHS filed a motion for leave to withdraw as counsel for Armor on August 26, 2022. Motion for Leave, *Martin*, SD-120422, Doc. No. 1052967548.

68. JHVHS' motion to withdraw as counsel was granted on August 31, 2022. Motion for Leave Granted, *Martin*, SD-120422, Doc. No. 1052966938.

69. At the time of filing this Complaint, Armor owes JHVHS $2,512.23 in unpaid fees and expenses incurred as a result of JHVHS' representation of Armor in the matter of *Martin v. Armor*.

70. The entirety of the balance owed to JHVHS for its representation of Armor in the *Martin* matter has been acknowledged, and approved, but not paid for by Armor.

## COUNT ONE: ACCOUNT STATED

Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraph Nos. 1 – 70, above, and further allege the following:

71. Under Oklahoma law, "an account stated is an agreement, express or implied. The amount or balance so agreed upon constitutes a new and independent cause of action, superseding and merging the antecedent causes of action represented by the particular constituent items. 1 Am. Jur. Accounts and Accounting, § 16. An account stated is a new obligation, taking the place of the obligation upon the prior account." *Webster Drilling Co. v. Sterling Oil of Okl., Inc.*, 1962 OK 242, 376 P.2d 236.

72. An account stated exists between JHVHS and Armor in the amount of $177,268.50 for the purpose of satisfying a debt for unpaid legal services and related expenses in the actions mentioned above.

73. The account stated and the amount owed was assented to, impliedly and expressly, by JHVHS and Armor.

74. The account stated that was assented to, impliedly and expressly, by JHVHS and Armor, is not in dispute by either party.

75. The amount owed under the account stated, and its relevant invoices, have not been refuted by either party.

76. Armor has acknowledged the relevant invoices and has not disputed or protested them in any way.

77. Rather, Armor has repeatedly acknowledged the full amount owed and promised to pay JHVHS.

78. Despite all of its promises to pay the full amount owed, Armor has failed to pay JHVHS anything since December 3, 2021.

79. In spite of Armor's failure to pay, Armor sought to keep JHVHS retained as its counsel and repeatedly made promises that JHVHS' invoices had been approved and were submitted to accounting for payment, in a clear effort to induce JHVHS to continue to provide Armor its legal services.

80. Armor has benefited from and taken full advantage of the services provided by JHVHS to Armor.

81. JHVHS suffered damages as a direct result of Armor's failure to pay and is entitled to recover the amount owed of $177,268.50, plus pre-judgement interest, post-judgement interest, and costs and expenses of this action.

82. By statute, as an action on an account stated, JHVHS seeks and is entitled to recover its reasonable attorney's fees and costs from Armor in this action. OKLA. STAT. tit. 12, § 936.

WHEREFORE, premises considered, JHVHS, for its claim on an account stated, prays for judgement for compensatory damages against Armor, in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, plus the attorney fees incurred as a result of Armor's failure to pay, pursuant to OKLA. STAT. tit. 12, § 936, costs, interest and such other damages as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, JHVHS prays that this Court grant it the relief sought, including, but not limited to, actual and compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, and all other relief deemed appropriate by this court.

Respectfully submitted,

/s/ Sean P. Snider
_____
SEAN P. SNIDER, OBA # 22307
ANTHONY C. WINTER, OBA # 32148
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: ssnider@johnsonhanan.com
E-Mail: awinter@johnsonhanan.com
*Attorneys for Johnson Hanan Vosler Hawthorne & Snider*